IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| EUGENE PETER KENWORTHY, JR. | : | NO. 17-432-1 |

**MEMORANDUM**

**Savage, J.**                                                                                                 **March 6, 2025**

Having served three quarters of his five-year term of supervised release, Eugene Kenworthy moves for early termination. He cites deteriorating health and a need "to focus" on his medical treatment of colon cancer. He also contends he has complied with the terms of his supervised release, except for restitution. To excuse the lack of restitution payments, he claims his health has impeded his ability to make payments. He claims he will make monthly payments when his application for social security disability benefits is approved.

The government opposes the motion. It notes he has only paid $75 towards $458,202 owed in special assessment and restitution. It also points to inconsistencies in Kenworthy's motion regarding his medical status and ability to pay. After reviewing the medical records and consulting Kenworthy's Probation Officer, we conclude that Kenworthy has made no effort to satisfy his financial obligations and that he is not unable to do so. Therefore, we shall deny his motion.

A court may, in its discretion, terminate a term of supervised release after one year "if termination is warranted by the defendant's conduct and is in the interest of justice." 18 U.S.C. § 3583(e). Before doing so, the court must consider the sentencing factors set forth in § 3553(a). Despite the statutory mandate that a court consider all § 3553(a)

1

factors, the Third Circuit Court of Appeals has held that the need for a sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment is not relevant to the consideration of early termination of supervised release. *United States v. Murray*, 692 F.3d 273 (3d Cir. 2012).

Supervised release is not intended to be a form of punishment. It is meant to assist the defendant integrating into the community. It is a form of rehabilitation. *United States v. Sheppard*, 17 F.4th 449, 454 (3d Cir. 2021); *Murray*, 692 F.3d at 280.

The primary reason Kenworthy requests early termination is his deteriorating health. His medical records do not show he is currently receiving treatment for colon cancer and is otherwise suffering from a disabling medical condition. Though Kenworthy underwent surgery in 2022, his 2023 progress notes state he was doing well and had "no signs of recurrent disease."[1] There are no medical records indicating his colon cancer has returned.

Kenworthy was released from prison on May 28, 2021. Since then he has paid only $75.00 towards his restitution and special assessment. His payment has been reduced to $10.00 per month, and he has made no effort to pay since 2023. He blames this failure on his health condition which disables him. On February 8, 2023, he told a medical provider that he was an appraiser for an insurance company, a job that required inspecting roofs.[2] There are no medical records confirming that he cannot work.[3] Given

---

[1] Progress Notes, June 14, 2023, 3 (attached as Ex. A to Def.'s Mot. for Early Termination of Supervised Release), ECF No. 38-1.

[2] *Id.* at 1.

[3] Gov't's Resp. in Opp'n to Def.'s Mot. for Early Termination of Supervised Release 11, ECF No. 40.

this record, we do not credit Kenworthy's unsupported assertion that his health impedes his ability to make payments.

He offers to make payments once his social security disability is approved. His social security disability application was denied twice, and a third appeal is pending.

Kenworthy's claim that he "has maintained his sobriety during his term of supervision" is belied by his medical records.[4] Progress Notes covering medical visits on June 14, 2023 and June 19, 2023 show he reported drinking 5-6 and 6-8 beers daily.[5] Kenworthy's terms of supervised release include the requirement that he "shall refrain from the use of alcohol."[6] He is simply not in compliance with the conditions of his supervised release.

We conclude that Kenworthy's conduct and consideration of the relevant § 3553(a) factors do not favor early termination. Therefore, we shall deny the motion.

---

[4] Def.'s Mot. for Early Termination of Supervised Release Pursuant to 18 U.S.C. § 3583(e)(1), 4, ECF No. 38.

[5] Progress Notes, June 14, 2023, 1; Progress Notes, June 19, 2023, 1.

[6] J. 6 ¶ 3, ECF No. 34.